IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514
    Plaintiff                      :

       v.                        :   CIVIL ACTION NO.  CCB-11-2169

CPL. MICHAEL HEAVENER, et al.,    :
    Defendants

## MEMORANDUM

The instant civil rights complaint references the period between June 25 and June 28, 2011.[1] Warren Chase, a prisoner confined at the North Branch Correctional Institution (NBCI), alleges defendants deliberately deprived him of several meals or threw his bagged meals on his cell floor; shoved him and cuffed him tightly during movement from his cell; punched his arm as he reached through his food slot to receive a cup of ice; and planted a weapon in his cell in order to charge him with an infraction and justify his placement in a hot concrete isolation cell where he slept on concrete and was denied personal property, writing materials, and mail. Chase further claims that during removal from his cell he was unnecessarily assaulted by various officers and sprayed with pepper spray. He indicates that he was not permitted to file criminal charges against these officers but instead has himself been charged in the District Court for Allegany County, where he now faces up to ten years incarceration for assaulting a correctional officer. Chase claims he is in danger and fears for his life because the officers involved may again attack him. He seeks injunctive relief inter alia whereby (1) he would be permitted to bring criminal charges against the officers; (2) he would be moved to another prison; (3) a video of the cell search and extraction would be preserved and provided to him; (4) he would be given

---

[1] Chase also references two incidents alleged to have occurred on June 6, 2011, involving Officers Grubb and Smith. Chase indicates he requested that criminal charges be filed against these officers for shoving him but his requests were ignored. This claim is at best tangential to the more serious allegations raised in the complaint and will not be addressed further here.

1

mental and physical therapy for injuries sustained in the attack; and (5) the criminal charges lodged against him would be dismissed.

Chase has had three cases dismissed in this court under 28 U.S.C. § 1915(e),[2] and is, therefore, barred from proceeding *in forma pauperis* as a result of these dismissals, absent an allegation of imminent physical harm.[3] Facts supporting such an allegation have not been presented here. Furthermore, resolution of this case would necessarily be intertwined with Chase's ongoing criminal prosecution,[4] and thus is premature.

Accordingly, a separate order shall be entered dismissing the instant action without prejudice.

Date: August 16, 2011

/s/
Catherine C. Blake
United States District Court

---

[2] The first, *Chase v. Sanders, et al.,* Civil Action No. CCB-02-2141 (D. Md.), was dismissed on July 3, 2002. *Chase v. Everd*, Civil Action No. CCB-07-2581 (D. Md.) was dismissed on January 14, 2008. *Chase v. Baynes*, Civil Action No. CCB-09-691 (D. Md.) was dismissed on March 20, 2009.

[3] *See* 28 U.S.C. § 1915 (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Chase may resume any claims dismissed under § 1915(g), if he chooses to pursue them, under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else.

[4] Chase, charged with two counts of second-degree assault on a Division of Correction employee and possession of a concealed dangerous weapon, is represented by the Maryland Office of the Public Defender in the District Court for Allegany County, Criminal Action No. 4W00058167. *See* http://casesearch.courts.state.md.us/inquiryDetail.jis?caseId=4W00058167&loc=4